IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY O'QUINN,

    **Plaintiff,**

v.

ST. LOUIS CITY CIRCUIT ATTORNEY, et al.,

    **Defendants.**                                       Case No. 06-cv-314-DRH

**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

### I. BACKGROUND

Plaintiff has filed his Complaint pursuant to **42 U.S.C. § 1983** against the following defendants: St. Louis City Circuit Attorney Jennifer Joyce, St. Louis City Chief of Police Mokwa, Family Court Commissioner Anne Marie Clarke, Counsel for the Commission on Retirement, Removal and Discipline Jim Smith and Missouri Governor Matt Blunt (Doc. 1). In short, the Complaint seeks damages for Defendants' alleged violations of Plaintiff's First Amendment constitutional rights surrounding an incident(s) when Plaintiff allegedly suffered bodily harm caused by Fred R. Griffin, Willie Wise and several other unknown parties on or about July 4, 2005 (*Id.*). Particularly, Plaintiff's grievances stem from Defendants' alleged failures to respond or prosecute Plaintiff's claims of bodily injury. Now before the Court are Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2), Motion to

Appoint Counsel (Doc. 3) and Motion for Service of Process at Government Expense (Doc. 4).

## II. ANALYSIS

By granting an in forma pauperis motion, a court authorizes a lawsuit to proceed without prepayment of fees.  *See* **28 U.S.C. § 1915**.  For many years, federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor malicious.  The Prison Litigation Reform Act ("PLRA"), however, significantly changed the district court's responsibilities in reviewing pro-se complaints and in forma pauperis motions.  As the Seventh Circuit has clarified, the PLRA "changed **§ 1915** not only for cases brought by prisoners, but in some respect for all indigent litigants."  ***Hutchinson v. Spink,* 126 F.3d 895, 899 (7th Cir. 1997)**.  Under the PLRA, the Court must screen the complaints of all indigents (including nonprisoners) and dismiss a complaint if (i) the allegation of poverty is untrue, (ii) the action is frivolous or malicious, (iii) the action fails to state a claim upon which relief can be granted, or (iv) the action seeks monetary relief against a defendant who is immune from such relief.  **28 U.S.C. § 1915(e)(2)**.[1]

---

[1] As the Sixth Circuit has explained,

> [u]nlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2) . . . .  Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2).  The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners.

***In re Prison Litig. Reform Act,* 105 F.3d 1131, 1134 (6th Cir. 1997)** (citation omitted).

1.  **Poverty Status**

Based on the information supplied by Plaintiff from the exhibits to his Motion, the Court is satisfied that Plaintiff is indigent. Accordingly, Plaintiff will be granted leave to proceed in forma pauperis pursuant to **28 U.S.C. § 1915(a)**. However, the Court must still analyze whether Plaintiff's Complaint passes the remainder of PLRA's threshold screening requirements under **28 U.S.C. § 1915(e)(2)**.

2.  **Immunity**

First, the Court observes Plaintiff has filed the *exact same claims* a year before, in a case captioned ***O'Quinn v. Mokwa*, Case No. 05-cv-747-WDS, (S.D. Ill.)(Stiehl, J.)**. Not only does Plaintiff's complaint in Case No. 05-747 read almost *word for word* with the instant case, he also named the same parties as Defendants. The only difference is that in the former case, Plaintiff prayed for damages in the amount of $100 million dollars for each of the five Defendants. In the instant case, Plaintiff seeks damages in the amount of $100 *billion* dollars from each Defendant.

In the former case, the district judge found that given the nature of Plaintiff's claims and the residence of Plaintiff and Defendants, a transfer pursuant to **28 U.S.C. § 1404(a)** to the United States District Court for the Eastern District of Missouri was appropriate (Case No. 05-cv-747, Doc. 7). The case subsequently became captioned ***O'Quinn v. St. Louis City Chief of Police Mokwa*, Case No. 4:05CV2333(DDN)(E.D. Mo.)(Limbaugh, J.)**. Once the case was transferred, the

Eastern District issued an Order and Memorandum (Doc. 16), dismissing Plaintiff's Complaint as frivolous or for failure to state a claim upon which relief can be granted or both, pursuant to **28 U.S.C. § 1915(e)(2)(B)**. It also found that defendants Joyce and Judge Clarke were absolutely immune from Plaintiff's suit.

In the instant matter, the Court finds the same to be true. First, defendant Judge Marie Clarke is immune from liability for damages under **42 U.S.C. § 1983**. It is well settled that judges have immunity for their judicial actions. ***Snyder v. Nolen*, 380 F.3d 279, 285-86 (7th Cir. 2004)(citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993)**; ***Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001))**. Further, "a judge will not be deprived of immunity even if the action was in error, was done maliciously, was in excess of his authority, and even if his exercise of authority is flawed by the commission of grave procedural errors" ***Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000)(citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978))**. Here, Plaintiff asserts that Judge Clarke refused to grant Plaintiff relief when he sought an order of protection and thereby violated his constitutional rights.[2] Plaintiff's claims against Judge Clarke relate solely to her conduct on the bench, which thereby makes her immune

---

[2] As the Eastern District of Missouri Court noted, "[a]lthough a Family Court Commissioner is not a judge for purposes of state law, ***Slay v. Slay*, 965 S.W.2d 845 (1998)**, the act of issuing - or refusing to issue - an order of protection under Mo. Rev. Stat. § 487.030 would fall within the nature of a judicial act. ***Mireles v. Waco*, 502 U.S. 9, 13 (1991)**. Alternatively, if defendant Clarke cannot issue valid orders of protection because she is not a judge under sate law, then she did not violate plaintiff's rights." ***O'Quinn v. St. Louis City Chief of Police Mokwa*, Case No. 4:05CV2333(DDN)(E.D. Mo.)(Limbaugh, J.)**(Doc. 16, p. 5, n.2).

from liability for damages for actions taken in her judicial capacity. Accordingly, Plaintiff's claims against Judge Clarke must be dismissed.

Similarly, Plaintiff's suit against St. Louis City Circuit Attorney Jennifer Joyce must be dismissed. As a rule, prosecutors are immune from **§ 1983** monetary damages for conduct that is "intimately associated with the judicial phase of the criminal process." ***Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003)**. Absolute immunity shields prosecutors even if they act "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." ***Id.*** (citing ***Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)**). Plaintiff's **§ 1983** claims against Joyce, a state prosecutor, essentially complain that she refused to prosecute his attackers. These and Plaintiff's other complained-of actions are, without question, intimately aligned with initiating the criminal process (or deciding not to initiate). Therefore, Plaintiff's claims against defendant Joyce must also be dismissed.

### 3. Frivolousness and/or Failure to State a Claim

As in the former case, the Court finds that the instant matter (as an identical case), warrants cause for dismissal of Plaintiff's claims based on the fact that his claims are frivolous and/or fail to state a claim upon which relief can be granted. The standard for failure to state a claim under **§ 1915(e)(2)(B)(ii)** mirrors the standard employed in the **Federal Rule of Civil Procedure 12(b)(6)** context. ***Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000)**. The ability of a

complaint to survive a **Rule 12(b)(6)** challenge, in turn, hinges on its ability to comport with FEDERAL RULE OF CIVIL PROCEDURE **8(a)(2)**, which states that a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." ***Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005)**. A complaint will be dismissed for failure to state a claim under this rule "only if no relief could be granted under any set of facts that could be proved consistent with the allegations." ***Id.*(citing *Dewalt*, 224 F.3d at 612)**.

It is well established that pro-se complaints are liberally construed. ***McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)**; *see also* ***Hughes v. Rowe*, 449 U.S. 5, 9 (1980)**. Further, in order to recover damages under **§ 1983**, "a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." ***Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citing *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994))**. Though "'an official satisfies the personal responsibility requirement of **§ 1983** . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent,'" "some causal connection or affirmative link between the action complained about and the official sued is necessary for **§ 1983** recovery." ***Gentry*, 65 F.3d at 561 (citations omitted)**.

Here, Plaintiff has not alleged, nor do the facts even remotely suggest, that Governor Blunt was personally responsible for the harms Plaintiff alleges were visited upon him. Even under the more liberal pleading standard used when

evaluating pro-se complaints, Plaintiff does not allege the beginnings of a causal connection between Governor Blunt and the conduct giving rise to the bulk of his claims. Furthermore, to the extent Plaintiff argues that Governor Blunt failure to respond to Plaintiff's letters or calls, or otherwise investigate his complaints, somehow rises to a constitutional violation, the Court rejects such argument as frivolous. An individual has no right, under the First or Fourteenth Amendment, to the sort of a personalized inquiry and response Plaintiff requests.

Additionally, although the First Amendment guarantees Plaintiff's right to petition the government for redress of grievances, it does not guarantee the government will *respond* to those grievances, much less respond in a manner favorable to Plaintiff. **See, e.g., Baltoski v. Pretorius, 291 F. Supp. 807, 811 (N.D. Ind. 2003)(citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982))**. Therefore, as stated by the Eastern District of Missouri District Court, "the failure of the defendants to respond - or favorably respond - to plaintiff's complaints does not rise to the level of a constitutional violation." **See O'Quinn v. St. Louis City Chief of Police Mokwa, Case No. 4:05CV2333(DDN)(E.D. Mo.)(Limbaugh, J.)**(Doc. 16, p. 4). The Court finds Plaintiff's has plead claims which are frivolous and/or fail to state a claim upon which relief can be granted. As such, Plaintiff's claims against the remaining Defendants must be dismissed.

### III.  CONCLUSION

For the reasons stated within this Opinion, the Court hereby **ORDERS** the following:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is hereby **GRANTED.**

2. Plaintiff's Complaint (Doc. 1) brought pursuant to **42 U.S.C. § 1983** is hereby **DISMISSED** under **28 U.S.C. § 1915(e)(2)(B)** as defendants Joyce and Judge Clarke are immune from this suit and Plaintiff's remaining grievances have been found frivolous and/or fail to state a claim upon which relief can be granted.

3. Because Plaintiff's Complaint has been dismissed in its entirety, Plaintiff's Motion to Appoint Counsel (Doc. 3) and Motion for Service of Process at Government Expense (Doc. 4) are hereby **FOUND AS MOOT**.

**IT IS SO ORDERED.**

Signed this 12th day of June, 2006.

/s/          David   RHerndon
**United States District Judge**